UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARROL J. RUIZ,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | 1:07-CV-01233-SMS<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE (DOC. 15)<br><br>ORDER STRIKING PLAINTIFF'S BRIEF WITH DIRECTIONS TO FILE AN AMENDED BRIEF NO LATER THAN FIFTEEN DAYS AFTER THE DATE OF THIS ORDER (DOC. 17)<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO FILE BRIEF IN EXCESS OF TEN PAGES AS MOOT WITH DIRECTIONS TO COUNSEL TO FAMILIARIZE HERSELF WITH THE PERTINENT LOCAL RULES (DOC. 18)<br><br>INFORMATIONAL ORDER TO PLAINTIFF AND PLAINTIFF'S COUNSEL |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying an application for benefits. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and the matter has been assigned to the Magistrate Judge to conduct all further proceedings in this case, including entry of final judgment.

1

Plaintiff filed her complaint on August 21, 2007; on August 24, 2008, the Court served Plaintiff with a scheduling order in which the Court ordered that Plaintiff's opening brief was due ninety-five days after the date of the filing of the administrative record, which was deemed to be the Defendant's answer to the complaint. The administrative record was filed on January 15, 2008; thus, Plaintiff's brief was due on or about April 20, 2007. On May 20, 2008, the Court issued its order to show cause why the action should not be dismissed for Plaintiff's failure to file a timely brief. On May 27, 2008, Plaintiff filed a brief, an application to file a brief in excess of ten pages, and a response to the order to show cause.

I. <u>Order to Show Cause</u>

Plaintiff's explanation for failing to file a timely brief was that she never received a confidential letter brief sent to Plaintiff's counsel by Defendant dated March 14, 2008. Plaintiff acknowledged the obvious, namely, that she could have avoided the error by following up on the failure to receive Defendant's response; it appears that there is no effective procedure in Plaintiff's counsel's office or operation for tracking such responses, and/or that counsel does not effectively track the ultimate deadlines set forth in this Court's scheduling order that issued on August 24, 2007.

Because Plaintiff's counsel states that she is "working on methods to avoid this error in the future," the Court expects that counsel will not commit this error again in the future.

Plaintiff and Plaintiff's counsel ARE INFORMED that the Court's scheduling orders in Social Security cases are uniform

and are designed to permit the expeditious handling of the cases. When parties delay, it necessitates the use of the Court's time and staff to secure compliance; if the Court's resources must be used in such a fashion, the Court has determined that it is necessary to ascertain that the parties and the attorneys in question are aware of the deadlines and the need for compliance, and to be satisfied that steps will be taken by the pertinent people in the future to avoid apparent lapses in prosecution of cases.

With that admonition, the order to show cause IS DISCHARGED.

II. <u>Application to File Brief in Excess of Ten Pages</u>

On May 27, 2008, Plaintiff filed an application to file a brief in excess of ten pages. (Doc. 18.) Plaintiff's application referred to a "page limit," on briefs (App. p. 1), but Plaintiff did not cite to the source of this limit.

Because in this Court there is no page limit for briefs in social security cases, Plaintiff's application IS DENIED as moot.

Further, Plaintiff's counsel IS DIRECTED to familiarize herself with the pertinent local rules so that counsel will not again cause the Court and Court staff to be required to waste resources in dealing with an impertinent motion.

III. <u>Plaintiff's Failure to Comply with a Court Order</u>

Plaintiff filed a brief which contained a preliminary statement and argument but no statement of facts. This Court's scheduling order requires that a brief contain a summary of all relevant medical evidence and a summary of the relevant testimony at the administrative hearing. (Sched. Order at p. 3, ¶ 11(b), (c).) In this case, Plaintiff makes arguments that some

determinations of the ALJ are not supported by substantial evidence. Although some facts are referred to in Plaintiff's argument, Plaintiff has failed to set forth a summary that can be understood as Plaintiff's representation of all the relevant facts pertinent to an evaluation of whether or not, in light of the full record, the ALJ's findings are supported by substantial evidence.

Accordingly, Plaintiff's brief IS STRICKEN, and Plaintiff IS DIRECTED TO FILE an amended brief no later than fifteen days after the date of service of this order.

IV. Informational Order

Plaintiff and her counsel ARE INFORMED that a failure to comply with an order of the Court may result in sanctions, including dismissal, pursuant to the inherent power of the Court or the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b), 11; Local Rule 11-110; Chambers v. NASCO, Inc., 501 U.S. 31, 42-43 (1991).

Local Rule 11-110 provides that a failure of counsel or of a party to comply with the Local Rules or with any order of the Court may be grounds of imposition by the Court of any and all sanctions authorized by statute, rule, or within the inherent power of the Court. A court may impose monetary sanctions, payable to the court, in the nature of a fine pursuant to the court's inherent powers where the Court finds that the offending conduct was undertaken in bad faith. Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989). Monetary sanctions may be imposed for violation of a local rule upon a finding of conduct amounting to recklessness, gross negligence, or repeated

unintentional flouting of court rules. Id. at 1480. Sanctions should not be imposed without giving counsel notice and an opportunity to be heard. Miranda v. Southern Pacific Transp. Co., 710 F.2d 516, 522-23 (9th Cir. 1983).

Further, 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

For action to be considered unreasonable and vexatious, it must involve bad faith, improper motive, or reckless disregard of the duty owed to the Court. Edwards v. General Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998); New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989). The imposition of sanctions under § 1927 requires a finding of bad faith; an attorney's bad faith is assessed under a subjective standard, pursuant to which either knowing or reckless conduct is sufficient. Pacific Harbor Capital, Inc. v. Carnival Air Lines, 210 F.3d 1112, 1118 (9th Cir. 2000).

Further, Plaintiff IS INFORMED that a failure to comply with this order may result in dismissal of the action.

IT IS SO ORDERED.

**Dated:   June 4, 2008**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

5